## HOLTZ v KAFFEMAN

Municipal Court of Cleveland

Decided Jan 21, 1939

Jonas Abrams, Cleveland, for plaintiff.
Albert Nozik, Cleveland, for defendant.

## OPINION

By DRUCKER, J.

Plaintiff, having engaged the defendant to move her household goods to her new place of residence, contends that she delivered to the defendant, among other articles, a bushel basket containing a large cut glass pitcher, a large cut glass bowl, a large cut glass glass, a silver tray, and a large linen tablecloth, and that the defendant has failed to return the above-mentioned articles upon demand of plaintiff. The defendant denied that delivery of said goods was ever made to him and asserted that he was not guilty of a failure to exercise due care. Plaintiff testified that she watched the loading and directed the unloading of her furniture to three different portions of the building to which she moved. She further testified as to the extraordinary value of the articles as heirlooms which she claims were not delivered to her.

This action, being based upon a bailment relationship, requires the plaintiff to maintain the burden of proof in establishing the fact of delivery to the bailee and the failure by the bailee to return the articles mentioned upon demand of the bailor. The testimony in the case sufficiently establishes that the articles contained in the bushel basket, as specified in the petition, were delivered and put into the possession of the defendant and that said articles were never returned to the plaintiff. Thus, the plaintiff herein succeeded in making out a prima facie case. The defendant testified that at all times he exercised due care, and that he was not guilty of any act of negligence with respect to the handling of the goods. Under these circumstances the question is raised as to whether the defendant has met the burden of proof required of him to overcome the prima facie case established by the plaintiff.

At the outset, it becomes necessary to differentiate between the burden of proof which indicates the duty to prove by a preponderance of the evidence, and the burden of going forward with the evidence. The burden of proving by a preponderance of the evidence always remains with the bailor, and never shifts during the trial. Klunk v The Hocking Valley Ry. Co., 74 Oh St 125 (1906). The language in Dietrich v Peters, 28 Oh Ap 427 (1928) and in Heckler v Transfer Co., 17 N.P. (N.S.) 294 (1914) conveys the impression that the burden to produce a preponderance of the evidence to show lack of negligence shifts to the bailee when the bailor makes out a prima facie case. However, the weight of authority in such cases purports to follow the theory that the burden of proof of negligence never shifts from the bailor. It is the duty of the plaintiff to establish every element necessary for recovery. In a bailment relationship the bailee is not an insurer of the

goods, but agrees only to return the articles bailed or be liable therefor if his failure to return is attributable to a lack of due care on his part. Consequently, if plaintiff is entitled to recovery, it is an essential part of his case to prove not only a failure to return the goods, but a failure due to the negligence of the bailee. To require of the bailee the duty to demonstrate his freedom of negligence by a preponderance of the evidence would, in effect, be assuming that a loss in every bailment relationship is normally due to the fault of the bailee. Experience does not justify such an assumption, for numerous instances have occurred wherein the loss was due to fire or theft or some other cause entirely beyond the control of the bailee, and for which loss the bailee is not liable either by contract or rule of law.

But, on the other hand, experience does prove that it would be extremely difficult, if not impossible, in many situations for the bailor to prove the specific act of negligence which caused the loss or damage of the goods bailed because by the very nature of the relationship, the bailee, being in complete possession, is the only party who has knowledge of the causes for the loss, or has access to such knowledge. The bailor is seldom if ever, near the premises when the loss occurs, whereas the bailee or his agent usually has the means of ascertaining either the exact cause of the failure to return or of the damage to the goods.

Therefore, the law has not left the plaintiff without remedy, but has placed upon the bailee the burden of going forward with the evidence after the plaintiff has established the fact of delivery and failure to return. This constitutes a **prima facie** case of negligence on the part of the bailee, and as in every field of law, when a prima facie case is made out against the defendant, the latter has only the duty of counterbalancing the evidence offered. He need not overbalance or outweigh it, but in repelling its effect, need only produce such degree of proof as will countervail the presumption arising therefrom. As stated in Brown on Personal Property, page 333:

"The great weight of authority is that the burden of persuading a jury by a preponderance of the evidence that the bailee was negligent always rests with the bailor, and that the presumption of such negligence in his favor is destroyed when the defendant has once introduced evidence to disprove it."

In **Blackburn v Norris, 46 Oh Ap 469** (1933) the court in discussing the nature of the duty on the bailee, held:

"The burden of proof, however, was not shifted to the defendants as argued by counsel. The second paragraph of the syllabus in the case of **Dietrich v Peters, 28 Oh Ap 427,** is cited as authority for the proposition. However, the language used does not mean that the burden of proof is cast upon the bailee to show freedom from negligence, but that when a **prima facie** case is made out by the plaintiff, the burden of **going forward** with the evidence is cast upon the defendant."

In going forward with the evidence, it is not enough for the bailee to state that the loss was due to some other cause but he must further show that such other cause was not due to his negligence. It is stated in Fleischman v Southern Railway Company, **76 S. C. 237, 56 SE 974:**

"The burden is then on the bailee to prove that he has not then converted the property, and this he may do by showing its loss and the manner of its loss; but by the manner of its loss is meant, not only the isolated fact of destruction by fire, or loss by theft or otherwise, but the circumstances connected with the origin of the fire or other cause of loss or injury as far as known to the bailee, and the precautions taken to prevent the loss or injury."

Likewise in Brown on Personal Property, page 300:

"The weight of recent authority would seem to be that the mere proof by the bailee that the loss was due to fire or theft is insufficient to shift the burden of proceeding with the evidence but that the bailee must also show that such loss was not due to his negligence. The evidence offered by the bailee that the failure to return was due to fire or theft may, indeed raise the presumption that such loss by fire or theft was due to the negligence of the bailee."

Consequently, in the present case the duty was on the bailee to go forward with the evidence not only to explain the loss, but to further show that the alleged cause was not due to his negligence. The defendant in the case has failed to explain the cause of the loss, and has merely contended that at all times he was in the exercise of due care. The contention of the defendant that he had exercised due care was not such as to cover reasons for the loss. The evidence

and testimony adduced in the case were not sufficient on behalf of the bailee to meet the burden of proof required of him.

The contention is also advanced by the defendant that no bailment existed herein for the reason that plaintiff was at all times personally present on the scene of loading and unloading, and as a result, never relinquished control of the goods to the defendant. However, the mere presence of the plaintiff is not enough to indicate that no delivery was made to the defendant, where the facts show that a physical transfer was made to defendant, and the defendant loaded such goods on his truck and hauled the property in the manner he usually followed in his business of moving household goods. The evidence does not establish such control on the part of plaintiff as would be inconsistent with absolute delivery to the defendant.

In determining the amount of damages, the plaintiff testified as to the value she placed upon such articles. However, the law will not award damages based upon fanciful or sentimental value. Having regard for the fact that said articles were not newly purchased, but had been used by plaintiff for some time, and that they were packed in a bushel basket in the same manner as the less valuable china, and that the defendant was not apprised of their special value, plaintiff is entitled to $90.00 as a reasonable value of said goods.

Judgment for the plaintiff in the sum of $90.00.